V. V. ESNEAULT v. W. H. COOLEY, Tutor.

The husband has a vested interest in the dowry of his wife. He enjoys it as long as the marriage lasts, and is entitled to its administration exclusively. He is subject to all the obligations of the usufructuary. The property of dotal immovables, whether valued or not, can never be transferred to the husband even by express agreement; not only during the marriage, but by the marriage-contract; *aliter* as to movables and slaves.

The husband, therefore, cannot become, even at forced sales, the adjudicatee of the wife's dotal immovables, to her prejudice; and if he does so purchase, the sale inures to her benefit and the property remains dotal; he becoming her creditor for the amount thus disbursed on her account out of his own funds.

The waiver of the advertisement deprives the sale by the Sheriff of its character of a formal sale.

APPEAL from the District Court of the Parish of Point Coupee, *McVea*, J. *F. H. Farrar*, for plaintiff. Defendant *pro se*.

VOORHIES, J. The title to a plantation is in dispute between the plaintiff, *Victoire V. Esneault* and her children, the forced heirs of their deceased father, *S. A. LaCoste*.

It is contended on behalf of the widow, that the alienation of this property, which was dotal, did not divest her title, because the adjudication was made to her husband.

At the time the marriage contract was executed, the property in question was mortgaged in favor of a third person, and the future husband was a surety for the principal obligation. Several months after the celebration of the marriage, the plantation was seized and sold to pay the debt. There was a waiver of the publication of the forced sale ; and *S. A. Lacoste* became the adjucatee, for a price equal to nearly one-tenth of the value of the thing. The adjudication was made for a sum exactly sufficient to cover the capital of the debt, with interest and costs.

It is evident that, if the husband can ever become the purchaser of dotal immoveables belonging to his wife, he cannot do so by private sale, C. C. 2421. The question is, then, narrowed down to the case of a forced or judicial sale.

There is, in the case of *Rowley* v. *Rowley*, 19 La. 575, an *obiter dictum* assimilating the forced sales of the wife's paraphernal and dotal property. Reference is thereupon made to article 2341 of the Civil Code.

Now this article declares that, " Such immoveables may be likewise sold, with the authorization of the Judge, at public auction, after three advertisements or publications in the usual places, or in the newspapers, for the purpose of paying the debts of the wife, or of those who settled the dowry, when such debts are of a certain date prior to the marriage contract."

It is not, however, under this text, that the creditor derives his right to cause the property to be sold, because, and more especially so in the case of mortgage debts, the right of seizure and sale is paramount to the very contract of marriage constituting the dowry. This article merely enables the spouses, with the sanction of the Judge, to alienate dotal property with a view of paying antecedent liabilities. And this forms an exception to article C. C. 2337, which forbids the husband and wife, jointly or severally, from alienating or mortgaging, during the marriage, immoveables settled as dowry.

This faculty to sell does not enable the husband to purchase : and, in order to do so, he must derive the right from some other source. It is argued that, in as much as he may, at Sheriff's sale, acquire the paraphernal property of his wife, there is no reason in law why an exception should be made in the forced alienation of dotal immoveables.

This argument loses a great deal of its weight when it is considered how widely different are the rights and obligations of the husband in reference to both species of property.

The husband has a vested interest in the dowry. C. C. 2317, 2329.

He enjoys it as long as lasts the marriage. C. C. 2327.

He is entitled exclusively to its administration. C. C. 2330.

He is subject to all the obligations of the usufructuary. C. C. 2344, 575–581.

And, says C. C. 2335, " The property of dotal immovables, whether valued or not, can never be transferred to the husband, even by express agreement.

The defendant's counsel say that the prohibition, contained in the last quoted article, applies only to such transfers as may be made by the marriage contract, because this article is found in the section which treats of dowry or marriage portion, and in the midst of other articles providing for the transfer of such property to the husband by the marriage contract. But, upon considering in reference to each other all the different rules laid down in that section as regards the alienation of dotal property previous to, and during the marriage, we conceive that the meaning of article 2335 is, that the husband can never become the owner of the dotal immoveables, not only during marriage, but by the marriage

contract. In other words, the prohibition extends, as regards immoveables, even to their acquisition by the marriage contract, whilst the rule is reversed in this respect as to moveables and slaves, which may be so acquired by the husband. *Decuir* v. *Lejeune*, 15 A.

The husband, therefore, cannot become, even at forced sales, the adjudicatee of the wife's dotal immoveables to her prejudice; and, if he does so purchase, the sale inures to her benefit, and the property remains dotal. Toullier, vol. 14, sec. 218, 219. He becomes her creditor for the amount thus disbursed on her account out of his own funds.

Judgment affirmed.

MERRICK, C. J. I concur in the decree in this case, but I am not prepared to assert that the husband cannot in a proper case purchase the dotal effects of his wife when sold at Sheriff sale at the suit of a creditor who has obtained judgment upon a debt of a date anterior to the marriage. C. C. 2341. See *Rowly* v. *Rowly*, L. R. 575.

But in the case at bar I am of the opinion that the wife was not divested of her property for two reasons: 1st. Because the husband and wife could not sell the dotal property without the authority of justice, and as a consequence, they could not waive the formalities required by law for a forced sale. Hence the waiver of the advertisement deprived the sale of its character of a formal sale. 2d. The bid for the exact debt and the want of registry of the deed show that it was rather an arrangement of the debt than a forced sale of plaintiff's property.